■ STEFANIE SEIFERT et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [776 NYS2d 872]—In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), entered August 21, 2001, as, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, upon so much of a jury verdict as found it 60% at fault in the happening of the accident and the defendant Vivian Rodriguez 40% at fault in the happening of the accident and as awarded the plaintiff Ludwik Seifert damages in the sums of $1,000,000 for past pain and suffering and $500,000 for future pain and suffering and as awarded the plaintiff Stefanie Seifert damages in the sums of $125,000 for past pain and suffering and $25,000 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability against it as against the weight of the evidence and to set aside

the damage awards as excessive, is in favor of the plaintiff Ludwik Seifert and against it in the sum of $1,560,403.96 (the net present value of his judgment plus interest), in favor of the plaintiff Stefanie Seifert and against it in the total sum of $156,225, and is in favor of both plaintiffs and against it in the sum of $1,480.44 as costs and disbursements.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted with respect to the defendant City of New York on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict against the defendant City of New York in favor of the plaintiff Ludwik Seifert as to past pain and suffering from the sum of $1,000,000 to the sum of $350,000, and as to future pain and suffering from the sum of $500,000 to the sum of $75,000, and to reduce the verdict against the defendant City of New York in favor of the plaintiff Stefanie Seifert as to past pain and suffering from the sum of $125,000 to the sum of $25,000, and as to future pain and suffering from the sum of $25,000 to the sum of $10,000, and to the entry of an amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appellant's argument that it had no prior notice of the allegedly hazardous condition is not preserved for appellate review.

However, we agree with the appellant that the damages awarded were excessive to the extent indicated, in that they deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Gomez v City of New York*, 2 AD3d 779 [2003]).

The appellant's remaining contentions are without merit. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.